ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
JESSICA L. COLE, Trial Attorney (D.C. Bar#1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3105 Fax: (202) 514-8865
Email: jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OUR COMMON WEALTH 670, PAGAWANWATCH, CONSERVATION COUNCIL FOR HAWAIʻI, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States,<br><br>Defendants. | CASE NO. 1:26-CV-00469-JAO-KJM<br><br>Federal Defendants' Answer<br><br>Judge: Hon. Jill A. Otake |

**FEDERAL DEFENDANTS' ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants NATIONAL MARINE FISHERIES SERVICE and HOWARD LUTNICK, in his official capacity as Secretary of Commerce of the United States (collectively, "Federal Defendants") hereby provide the following answer to Plaintiffs' Complaint, ECF No. 1.

1. The allegations in the first sentence of Paragraph 1 are too vague and ambiguous as to the meaning of "opened" and "its waters" to permit a response. To the extent a response is required, Federal Defendants deny the allegations. In response to the allegations in the second sentence of Paragraph 1, Federal Defendants aver that on August 18, 2026, the Marine Minerals Administration announced the availability of the Proposed Leasing Notice for the American Samoa Outer Continental Shelf (OCS) Pacific Minerals Lease Sale 1. See 91 Fed. Reg. 53422 (August 18, 2026). The remaining allegations in the second sentence of Paragraph 1 are too vague and ambiguous as to what constitutes "announced plans", "sell leases", "allowing mining", to permit a response and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in the third sentence of Paragraph 1. The allegations in the last sentence of Paragraph 1 appear

to characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 1 inconsistent with its plain language, meaning, and context.

2. The allegations in first sentence of Paragraph 2 appear to characterize a letter dated August 10, 2026, from Kevin Brindock, Acting Assistant Regional Administrator, Protected Resources Division, National Marine Fisheries Service (NMFS), Pacific Islands Regional Office to Susan F. Zaleski, Acting Regional Supervisor, Office of Environment, Diving Safety Officer, Bureau of Ocean Energy Management, Pacific Region (hereinafter "August 2026 Letter of Concurrence"), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations in the first sentence of Paragraph 2 contrary to the plain language, meaning, and context of the August 2026 Letter of Concurrence. The allegations in the second sentence of Paragraph 2 are legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. In response to the allegations in Paragraph 3, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore Federal Defendants deny them on that basis.

4. The allegations in the first sentence of Paragraph in 4 are too vague and ambiguous as to what constitutes "heavy machinery" and the meaning of "scour the seabed" to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 4 are too vague and ambiguous as to what constitutes "[t]he machinery" and the meaning of "destroy" to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 4 are too vague and ambiguous as to the meaning of "[m]ining," "stirs up," toxic substances," and "food web" to permit a response, and Federal Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 4 are too vague and ambiguous as to what constitutes "exploring for seabed minerals," "extremely loud noise," and the meaning of "harm" to permit a response, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 4 are too vague and ambiguous as to the meaning of "environmental destruction" and what constitutes "largely untested activities" to permit a response, and Federal Defendants deny them on that basis.

5. The allegations in the first sentence of Paragraph are too vague and ambiguous as to the meaning of "mineral exploration" and "mining" to permit a response. These allegations also purport to characterize MMA's request for a concurrence, which speaks for itself. To the extent a response is required, Federal Defendants deny the allegations. In response to the second sentence of Paragraph

5, Federal Defendants state that by email dated July 23, 2026, Joshua Rudolph, NMFS/PIRO, PRD confirmed receipt of Desray Reeb's, PhD., Acting Environmental Consultation and Coordination Section Supervision, Pacific Regional Office, MMA, request for combined expedited informal ESA and Essential Fish Habitat ("EFH") consultation and conference on BOEM[1]'s proposed critical minerals-related survey activities offshore of the Commonwealth of the Northern Marina Islands. The allegations in the third sentence of Paragraph 5 appear to characterize NMFS's August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, and context of NMFS's August 2026 Letter of Concurrence.

6. The allegations in the first sentence of Paragraph 6 are legal conclusions and Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the

[1] Federal Defendants note in the second sentence of Paragraph 5 footnote 1 Plaintiffs explain that the Secretary of the Interior recently merged BOEM and the Bureau of Safety and Environmental Enforcement into a single agency, the Marine Minerals Administration or "MMA," and further indicated that reference would be to the MMA rather than BOEM even though the applicable regulations and the Letter of Concurrence challenged here refer to BOEM. While no response is required to a footnote, Federal Defendants will refer to BOEM as MMA herein to facilitate consistency.

allegations. The remaining allegations in Paragraph 6 purport to characterize NMFS's August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, and context of NMFS's August 2026 Letter of Concurrence.

7. The allegations in Paragraph 7 are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

8. The allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

9. The allegations in Paragraph 9 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

10. The allegations in Paragraph 10 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny them.

12. The allegations in Paragraph 12 include a legal conclusion to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and Federal Defendants deny them on that basis.

13. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, deny the allegations.

14. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 14 and, on that basis, deny the allegations. The allegations in the last sentence of Paragraph 14 consist of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

15. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, deny the allegations.

16. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, deny the allegations. To the extent the allegations in Paragraph 16

consist of legal conclusions, Federal Defendants assert that no response is required and, if a response is required, the allegations are denied.

17. In response to the allegations in Paragraph 17, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, on that basis, Federal Defendants deny them.

18. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 and deny them on that basis. The allegations in the last sentence of Paragraph 18 consist of legal conclusions and reflect Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore Federal Defendants deny them on that basis.

20. The allegations in the Paragraph 20 are vague and ambiguous as to the meaning of "deep-sea mining" and "mineral exploration activities" to permit a response and also contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegations in the first sentence of Paragraph 21 consist of legal conclusions to which no response is required. To the extent a response is required,

Federal deny the allegations on that basis. Federal Defendants are also without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and deny them on that basis.

22. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 22, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 22 are legal conclusions and are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

23. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 23, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 23 consist of legal conclusions and are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

24. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 24 consist of legal conclusions and are Plaintiffs' characterizations of their case to which no response is required. To the extent a response is required,

Federal Defendants deny the allegations.

25. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore deny the allegations on that basis. The allegations in the last sentence of Paragraph 25 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 25.

26. The allegations in the first and second sentences of Paragraph 26 consist of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26, and therefore deny the allegations on that basis.

27. The allegations in the first sentence Paragraph 27 are Plaintiff's characterizations of its case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 27, and Federal Defendants deny them on that basis.

28. Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 28 and therefore deny the allegations on that basis. The allegations that the Center's members "will be harmed" are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

29. Federal Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations for the first five sentences of Paragraph 29, and therefore deny the allegations on that basis. The remaining allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

30. Federal Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of Paragraph 30, and therefore deny the allegations on that basis. The remaining allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of Paragraph 31 and therefore deny the allegations. The allegations in the last sentence of Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

32. The allegations in Paragraph 32 are legal conclusions to which no

response is required. To the extent a response is required, Federal Defendants deny the allegations.

33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

34. In response to the first sentence of Paragraph 34, Federal Defendants admit that NMFS is a federal agency within the U.S. Department of Commerce, National Oceanic and Atmospheric Administration. The remaining allegations Paragraph 34 are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

35. The allegation in the first sentence of Paragraph 35 appears to characterize Plaintiffs' lawsuit, to which no response is required. If a response is required, Federal Defendants deny the allegations on that basis. The remaining allegations in the Paragraph 35 consist of legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 appear to characterize the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 36 inconsistent with the plain language, context, and

meaning of the ESA.

37. The allegations in Paragraph 37 appear to characterize the U.S. Supreme Court's decision in *Tenn. Valley Auth. V. Hill*, 437 U.S. 153, 174 (1978), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 37 inconsistent with its plain language, context or meaning of that decision.

38. The allegations in Paragraph 38 appear to characterize ESA at 16 U.S.C. § 1533(a)(1)(A)-(E) and § 1532(6), (20), which speak for themselves and is the best evidence of their contents. Federal Defendants deny any allegation in Paragraph 38 inconsistent with the plain language, context or meaning of the ESA at 16 U.S.C. § 1533(a)(1)(A) (E) and § 1532(6), (20).

39. The allegations in the first sentence of Paragraph 39 appear to characterize the ESA at 16 U.S.C. § 1531(a)(2), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 39 inconsistent with its plain language, context or meaning of the ESA at 16 U.S.C. § 1531(a)(2). The allegations in the second and last sentences of Paragraph 39 purport to characterize ESA implementing regulations at 50 C.F.R. § 402.02, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 39 inconsistent with the plain language, context, or

meaning of 50 C.F.R. § 402.02.

40. The allegations in the first sentence of Paragraph 40 appear to characterize the ESA at 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 40 inconsistent with its plain language, context, or meaning of the ESA at 16 U.S.C. § 1536(a)(2). The allegations in the remaining sentences of Paragraph 40 purport to characterize ESA implementing regulations at 50 C.F.R. §§ 402.01(b) and 402.14(a), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 40 inconsistent with the plain language, context, or meaning of 50 C.F.R. §§ 402.01(b) and 402.14(a).

41. The allegations in Paragraph 41 appear to characterize the ESA at 16 U.S.C. § 1531(a)(2), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 41 inconsistent with its plain language, context or meaning of 16 U.S.C. § 1531(a)(2).

42. The allegations in Paragraph 42 appear to characterize the ESA and its implementing regulations at 50 C.F.R. § 402.02 (2018), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 42 inconsistent with its plain

language, context, or meaning of the ESA and 50 C.F.R. § 402.02 (2018)[2].

43. The allegations in Paragraph 43 appear to characterize section 7(a)(2) of the ESA/16 U.S.C. § 1536(a)(2), 16 U.S.C. § 1536(c)(1), and its implementing regulations at 50 C.F.R. § 402.12(a), which provisions speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 43 inconsistent with the plain language, context or meaning of 7(a)(2) of the ESA/16 U.S.C. § 1536(a)(2), 16 U.S.C. § 1536(c)(1), and 50 C.F.R. § 402.12(a).

44. The allegations in Paragraph 44 appear to characterize the ESA implementing regulations at 50 C.F.R. §§ 402.13, 402.14(a), (b)(1), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation or characterization in Paragraph 44 inconsistent with the plain language, context, or meaning of 50 C.F.R. §§ 402.13, 402.14(a), (b)(1).

45. The allegations in the first sentence of Paragraph 45 appear to characterize ESA implementing regulations at 50 CFR § 402.13(c), which speaks

---

[2] In Paragraph 42 footnote 2, Plaintiffs appear to characterize the U.S. District Court for the District of California's decision in *Center for Biological Diversity v. U.S. Dep't of Interior*, Case No. 24-cv-04651 JST, 200206 WL 898264, at *15, *25 (N.D. Cal. Mar. 30, 2026). While no response is required for statements in a footnote, Federal Defendants note that the decision speaks for itself and is the best evidence of its contents.

for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 45 inconsistent with the plain language, context, or meaning of 50 CFR § 402.13(c). The allegations in the remaining sentences of Paragraph 45 appear to characterize the U.S. Fish and Wildlife Service & National Marine Fisheries Service ESA Consultation Handbook (1998) [hereinafter ESA Handbook], which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation in Paragraph 45 inconsistent with the plain language, context, or meaning of the ESA Handbook.

46. The allegations in Paragraph 46 appear to characterize ESA implementing regulations at 50 C.F.R. § 402.14(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in the first sentence of Paragraph 46 inconsistent with the plain language, meaning, and context of 50 C.F.R. § 402.14(a). The allegations in the last sentence of paragraph 46 appear to characterize the ESA at 16 U.S.C. § 1536(b)(3)(A) and ESA implementing regulations at 50 C.F.R. § 402.14(c)-(h), which provisions speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation in the last sentence of Paragraph 46 inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(c)-(h).

47. The allegations in the first sentence of Paragraph 47 appear to

characterize the ESA at 16 U.S.C. 1536(b)(3)(A) and its implementing regulations at 50 C.F.R. § 402.14(h)(2), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny the allegations in the first sentence of Paragraph 47 inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(b)(3)(A) and 50 C.F.R. § 402.14(h)(2). The allegations in the second sentence of paragraph 47 appear to characterize 50 C.F.R. § 402.14(i)(1)(i) and 16 U.S.C. § 1536(b)(4), which speak for themselves and are the best evidence of their contents. To the extent that a response is required, Federal Defendants deny the allegations in the second sentence of Paragraph 47 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(i)(1)(i) and 16 U.S.C. § 1536(b)(4). The allegations in the last sentence of Paragraph 47 appear to characterize 50 C.F.R. § 402.14(i)(1)(ii), (iv), and 16 U.S.C. § 1536(b)(4), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Federal Defendants deny the allegations in the last sentence of Paragraph 47 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(i)(1)(ii), (iv) and 16 U.S.C. § 1536(b)(4).

48. The allegations in Paragraph 48 appear to characterize ESA implementing 50 C.F.R. § 402.14(k), which speaks for itself and is the best evidence of their content. To the extent a response is required, Federal Defendants

deny the allegations in Paragraph 48 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(k). The allegations in the second and third sentences of Paragraph 48 appear to characterize ESA section 7(a)(2)/16 U.S.C. § 1536(a)(2) and implementing regulations at 50 C.F.R. § 402.14(k)(5), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the second and third sentences of Paragraph 48 inconsistent with the plain language, context, or meaning of ESA section 7(a)(2)/16 U.S.C. § 1536(a)(2) and implementing regulations at 50 C.F.R. § 402.14(k)(5).

49. The allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 49.

50. The allegations in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 appear to characterize 43 U.S.C. §§ 1331 *et seq.*, the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, context, and meaning of 43 U.S.C. §§ 1331 *et seq.*

52. The allegations in Paragraph 52 appear to characterize the OCSLA at

43 U.S.C. §§ 1337(k) and its implementing regulations at 30 C.F.R. § 581.0-47, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, context, and meaning of 43 U.S.C. §§ 1337(k) and 30 C.F.R. § 581.0-47.

53. The allegations in Paragraph 53 appear to characterize OSCLA's implementing regulations at 30 C.F.R. § 582.21(d), which speak for themselves and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, context, and meaning of 30 C.F.R. § 582.21(d).

54. The allegations in the first sentence of Paragraph 54 appear to characterize 50 C.F.R. § 582.21(a), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in the first sentence of Paragraph 54 inconsistent with the plain language, context, and meaning of 50 C.F.R. § 582.21(a). The allegations in the second, third, and fourth sentences of Paragraph 54 appear to characterize 50 C.F.R. § 582.3, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in the second, third, and fourth sentences of Paragraph 54 inconsistent with the plain language, context, and meaning of 50 C.F.R. § 582.3. The allegations in the last sentence of Paragraph 54 appear to characterize 50 C.F.R. § 582.24, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations in last sentence of Paragraph 54 inconsistent with the plain language,

context, and meaning of 50 C.F.R. § 582.24.

55. The allegations in paragraph 55 appear to characterize 5 U.S.C. § 702, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 55 inconsistent with the plain language, context, and meaning of 5 U.S.C. § 702.

56. The allegations in paragraph 56 appear to characterize 5 U.S.C. § 702, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation in Paragraph 56 inconsistent with the plain language, context, and meaning of 5 U.S.C. § 702.

57. The allegations in the first sentence of Paragraph 57 are too vague and ambiguous as to what constitutes "rare and diverse marine species," "surrounding," "hundreds of marine species, or a "variety of migratory species," and Federal Defendants deny them on that basis. In response to the allegations in the second sentence of Paragraph 57, Federal Defendants state that species listed as endangered or threatened under the ESA are found in waters under CNMI jurisdiction and the U.S. Exclusive Economic Zone adjacent to those waters.

58. Federal Defendants admit the facts in Paragraph 58.[3]

[3] Paragraph 58 footnote 3 appears to characterize DPSs, the ESA at 16 U.S.C. § 1532(16), and 61 Fed. Reg 4722, 4725 (Feb. 7, 1996) and, while responses to footnotes are not required, Federal Defendants note that the definition of DPSs and ESA at 16 U.S.C. § 1532(16) and 61 Fed. Reg 722, 4725 (Feb. 7, 1996) speak for themselves and are the best evidence of their contents.

59. In response to the allegations in Paragraph 59, Federal Defendants state that five sea turtle species listed as endangered or threatened under the ESA are found in waters around CNMI, with the green sea turtle (Central South Pacific Distinct Population Segment (DPS), hawksbill sea turtle, loggerhead sea turtle (South Pacific DPS), olive ridley sea turtle Mexico breeding populations (Pacific coast), and leatherback sea turtle listed as endangered and the olive ridley sea turtle listed as threatened.

60. Federal Defendants admit the allegations in Paragraph 60.

61. Federal Defendants admit the allegations in Paragraph 61.

62. The allegations in the first sentence of Paragraph 62 are too vague and ambiguous as to what constitutes "[s]everal areas of deep seabed—including around the Mariana Islands" to permit a response, and Federal Defendants deny them on that basis. The allegations in the second and third sentences of Paragraph 62 are too vague and ambiguous as to what constitutes "ferromanganese crusts," "around inactive or extinct hydrothermal vents", or "hold" to permit a response, and Federal Defendants deny them on that basis. Federal Defendants admit the allegations in the last sentence of Paragraph 62.

63. In response to the allegations in the first sentence of Paragraph 63, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, the

allegations are denied. The allegations in the second sentence of Paragraph 63 are too vague and ambiguous as to what constitutes "mining the deep sea" and "technologically and financially difficult" to permit a response, and Federal Defendants deny them on that basis. The allegations in the last sentence of Paragraph 63 are too vague and ambiguous as to what constitutes "[e]quipment" and "immense" water pressure to permit a response, and Federal Defendants deny them on that basis.

64. In response to the allegations in Paragraph 64, Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, the allegations are denied. In further response to the allegations in the last sentence of Paragraph 64, the allegations are too vague and ambiguous as to what constitutes "initial exploration activities" or "devastating effects on the marine environment" to permit a response, and Federal Defendants deny them on that basis.

65. The allegations in the first sentence of Paragraph 65 are too vague and ambiguous as to what constitutes "scouring the seabed" to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 65 are too vague and ambiguous as to what constitutes "stirs up" and the meaning of "toxic sediment" and "biota in its path" to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence

of Paragraph 65 are too vague and ambiguous as to the meaning of "impacts" and "recovery" as to permit a response, and Federal Defendants deny them on that basis. The allegations in the fourth sentence of Paragraph 65 appear to characterize the unidentified studies of unnamed scientists, which identified studies speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation in the fourth sentence of Paragraph 65 inconsistent with the plain language, context, and meaning of such scientific works. The allegations in the last sentence of Paragraph 65 are too vague and ambiguous as to what constitutes "harm" as to permit a response, and Federal Defendants deny them on that basis.

66. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and deny them on that basis.

67. Federal Defendants admit to the allegations in the first sentence of Paragraph 67. The allegations in the last sentence of Paragraph 67 are too vague and ambiguous as to the meaning of "can damage hearing" "and essential behaviors" and deny them on that basis.

68. The allegations in the first sentence of Paragraph 68 contain legal conclusions and Plaintiffs' characterization of its lawsuit, which require no response. The remaining allegations are vague and ambiguous, and Federal Defendants deny them on that basis.

69. The allegations in Paragraph 69 contain legal conclusions and Plaintiffs' characterization of its lawsuit, which require no response. The allegations in the second sentence of Paragraph 69 are too vague and ambiguous as to what constitutes "harm" to permit a response, and Federal Defendants deny them on that basis.

70. Federal Defendants admit the first sentence in Paragraph 70. The allegations purport to characterize MMA's "Request for information and interest" at 90 Fed. Reg. 50872 (Nov. 12, 2025), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 70 inconsistent with the plain language, context, or meaning of 90 Fed. Reg. 50872 (Nov. 12, 2025).

71. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and deny them on that basis.

72. Federal Defendants admit the first sentence in Paragraph 72. The allegations purport to characterize a "notice of availability" at 91 Fed. Reg. 53422 (August 18, 2026), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 72 inconsistent with the plain language, context, or meaning of 91 Fed. Reg. 53422 (August 18, 2026).

73. The allegations in Paragraph 73 purport to characterize MMA's "Proposed Leasing Notice," which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 73 inconsistent with the plain language, context, or meaning of the "Proposed Leasing Notice."

74. The allegations in Paragraph 74 appear to characterize the requirements of 30 C.F.R. § 581.17(a), which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegation or characterization in Paragraph 74 that is inconsistent with the plain language, content, or meaning of these regulations.

75. Federal Defendants admit the first sentence in Paragraph 75. The remaining allegations appear to characterize the MMA Consultation Request, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 75 inconsistent with the plain language, context, or meaning of the MMA Consultation Request.

76. The allegations in Paragraph 76 purport to characterize MMA's biological assessment (BA) and figure 1 the BA, which speak for themselves and are the best evidence of their content.

77. The allegations in Paragraph 77 appear to characterize MMA's July 2026 BA which speaks for itself and is the best evidence of its content. Federal

Defendants deny any allegation or characterization in Paragraph 77 inconsistent with the plain language, context, or meaning of the July 2026 BA.

78. The allegations in Paragraph 78 purport to characterize MMA's July 2026 BA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 78 inconsistent with the plain language, context, or meaning of the July 2026 BA.

79. The allegations in Paragraph 79 purport to characterize the July 2026 BA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 79 inconsistent with the plain language, context, or meaning of the July 2026 BA.

80. The allegations in Paragraph 80 purport to characterize MMA's July 2026 BA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 80 inconsistent with the plain language, context, or meaning of the July 2026 BA.

81. The allegations in Paragraph 81 purport to characterize MMA's July 2026 BA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 81 inconsistent with the plain language, context, or meaning of the July 2026 BA.

82. The allegations in Paragraph 82 purport to characterize MMA's July 2026 BA, which speaks for itself and is the best evidence of its content. Federal

Defendants deny any allegation or characterization in Paragraph 82 inconsistent with the plain language, context, or meaning of the July 2026 BA.

83. The allegations in Paragraph 83 purport to characterize MMA's July 2026 BA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 83 inconsistent with the plain language, context, or meaning of the July 2026 BA.

84. The allegations in Paragraph 84 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 85 inconsistent with the plain language, context, or meaning of the August 2026 Letter of Concurrence.

85. The allegations in the first sentence of Paragraph 85 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 85 inconsistent with the plain language, context, or meaning of the August 2026 Letter of Concurrence. The allegations in the second sentence of Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 86 inconsistent with the plain language, context, or meaning of the August 2026 Letter of Concurrence.

87. The allegations in Paragraph 87 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation or characterization in Paragraph 87 inconsistent with the plain language, context, or meaning of the August 2026 Letter of Concurrence.

88. The allegations in Paragraph 88 consist of legal conclusions and Plaintiffs' characterization of its lawsuit to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 88 of the Answer.

90. The allegations in Paragraph 90 purport to characterize 16 U.S.C. § 1536(a)(2), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 84 inconsistent with the plain language, context, or meaning of 16 U.S.C. § 1536(a)(2).

91. The allegations in the first sentence of Paragraph 91 purport to characterize 50 C.F.R. §§ 402.12(j)-(k), 402.13, and the ESA Handbook, which speak for themselves and is the best evidence of their contents. Federal Defendants deny any

allegation or characterization in the first sentence of Paragraph 91 inconsistent with the plain language, context, or meaning of 50 C.F.R. §§ 402.12(j)-(k), 402.13, and the ESA Handbook. The remaining allegations in Paragraph 91 purport to characterize the ESA Handbook, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 91 inconsistent with the plain language, context, or meaning of the ESA Handbook.

92. The allegations in Paragraph 92 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

93. The allegations in Paragraph 93 consist of legal conclusions and Plaintiffs' characterization of its lawsuit to which no response is required. To the extent a response is required, Defendants deny the allegations.

94. The allegations in Paragraph 94 consist of legal conclusions and Plaintiffs' characterizations of its lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 94.

95. The allegations in Paragraph 95 consist of legal conclusions and Plaintiffs' characterizations of its lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations in Paragraph 95.

96. The allegations in the first sentence of Paragraph 96 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations Paragraph 96 that are inconsistent with the plain language, context, and meaning of the August 2026 Letter of Concurrence. The allegations in the last sentence of Paragraph 96 consist of legal conclusions and Plaintiffs' characterization of its lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

97. The allegations in the first, second and third sentences of Paragraph 97 purport to characterize NMFS' August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations Paragraph 97 that are inconsistent with the plain language, context, and meaning of the August 2026 Letter of Concurrence. The allegations in the last sentence of Paragraph 97 consist of legal conclusions and of Plaintiffs' characterization of its lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

98. The allegations in Paragraph 98 consist of legal conclusions Plaintiffs' characterization of its lawsuit to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

99. Federal Defendants incorporate herein by reference the responses to

each allegation set forth in Paragraphs 1 through 98 of the Answer.

100. The allegations in Paragraph 100 purport to characterize 50 C.F.R. § 402.14(k), which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 100 inconsistent with the plain language, context, or meaning of 50 C.F.R. § 402.14(k).

101. In response to the allegations in Paragraph 101, Federal Defendants admit that NMFS did not issue a biological opinion for MMA's planned issuance of leases for marine minerals in the CNMI OCS and aver that a biological opinion was not required because NMFS concurred with MMA's determination that the planned issuance of leases in this area is not likely to adversely affect ESA listed species or critical habitat. The remaining allegations in Paragraph 101 purport to characterize NMFS's August 2026 Letter of Concurrence, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegation or characterization in Paragraph 101 inconsistent with the plain language, context, or meaning of the August 2026 Letter of Concurrence.

102. The allegations in Paragraph 102 consist of legal conclusions and Plaintiffs' characterization of its lawsuit to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 102.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes their request for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring the instant action.

3. Plaintiffs' claims are not ripe for judicial review.

4. This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

5. Plaintiffs' claims under the Administrative Procedure Act fail to challenge a final agency action pursuant to 5 U.S.C. § 704.

6. Federal Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in their favor and against Plaintiffs, dismiss the Complaint, deny all of Plaintiffs' for relief

and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted November 9, 2026:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
United States Department of Justice
Energy & Natural Resources Division

/s/ Jessica L. Cole
JESSICA L. COLE (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 598-3105
Email: jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

CERTIFICATE OF SERVICE

I hereby certify that, on November 9, 2026, the foregoing was electronically filed through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ Jessica L. Cole
Jessica L. Cole